IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN E. VODICKA AND STEVEN B. AUBREY, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 3:20-cv-215-K-BT |
| VERIZON WIRELESS TELECOM INC., et al., | § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this *pro se* civil action to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). For the following reasons, Plaintiff Brian E. Vodicka and Steven B. Aubrey's Complaint should be dismissed.

On January 28, 2020, Plaintiffs filed their Complaint against Defendants, as well as an Emergency Motion for Temporary Restraining Order and Preliminary Injunction. Compl. (ECF No. 3); Mot. (ECF No. 4). On February 10, 2020, the Court instructed Plaintiffs that it would not consider their Motion until they served their Complaint on all Defendants, and all Defendants had an opportunity to respond. Order 1 (ECF No. 8). Further, because Plaintiffs paid the statutory filing fee, the Court reminded them of their responsibility to properly serve Defendants. *Id.* ("Plaintiffs must serve Defendants with a summons and

complaint in compliance with Rule 4 of the Federal Rules of Civil Procedure and file proof of service with the Court in accordance with Rule 4(l)."). Specifically, the Court warned that "if proper service is not made within 90 days after the Complaint was filed, this case is subject to dismissal without prejudice—on a motion or on the Court's own motion after notice to the plaintiff—unless Plaintiffs show good cause for a failure to timely and properly effect service and for the Court to extend the time for service for an appropriate period." *Id.* 2 (citing Fed R. Civ. P. 4(m)). That 90-day period has now expired, and Plaintiffs failed to serve their Complaint on Defendants.

Under Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or comply with any order of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (citations omitted). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630-31); *see also Beard v. Experian Info. Sols. Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007) (per curiam). Because Plaintiffs failed to serve their lawsuit on Defendants after the Court directed them to do so, Plaintiffs' Complaint should be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders); *Boudwin*, 756 F.2d at 401 ("Although . . . [Rule 41(b)] speaks

of dismissal pursuant to a motion by the defendant, a district court may dismiss *sua sponte,* with or without notice to the parties.").

## Recommendation

For the foregoing reasons, the Court recommends Plaintiffs' Complaint be DISMISSED without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b).

**SO RECOMMENDED**.

April 29, 2020.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).